**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | : | Case No. 3:06CR376 |
| Plaintiff, | : | |
| v. | : | **O R D E R** |
| Alejandro Herrerra-Coria, | : | |
| Defendant. | : | |

This is a criminal case in which pretrial matters have been referred to the undersigned magistrate for initial hearing and determination. The following motions are pending before the court for: Bill of Particulars (Docket No. 26), Request for Intent to Use 404 (b) Evidence (Docket No. 28), and Disclosure of Government's Trial Witnesses (Docket No. 27). The government has filed its omnibus response and a request for reciprocal discovery (Docket No. 31). Defendant has also filed a joint motion requesting a pretrial (Docket No. 32). The magistrate's order as to the pending motions follows.

*BACKGROUND*

A single count indictment filed August 2, 2006, charges defendant with conspiracy with Jose C.

Martinez, Jr., a/k/a Joe and John A. Martinez, a//k//a Chofo (named but not indicted therein) and other persons to distribute and possess with intent to distribute cocaine and marijuana, in violation of Title 21 U.S.C. §§ 841(a)(1) and 846; possession with intent to distribute cocaine and cocaine base, in violation of Title 21, U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B) and 846. The indictment sets forth the purpose, object, manner and means by which the goals of the conspiracy were allegedly met and describes fourteen overt acts in furtherance of the conspiracy.

**Motion for Bill of Particulars (Docket No. 26 )**

Defendant seeks a court order requiring the government to file a bill of particulars. Defendant seeks, *inter alia*, specific information as to when and where Defendant conspired with others to distribute cocaine, the identity of all coconspirators and specific information as to the total amount of cocaine allegedly distributed by defendant in the course of the conspiracy.

Rule 7(f) of the Federal Rules of Criminal Procedure provides in pertinent part that:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The purpose of the bill of particulars is to insure that a defendant is adequately informed of the nature of the charges so that s/he can adequately prepare for trial, avoid the danger of unfair surprise at trial and enable defendant to plead double jeopardy if s/he is being charged with the same offense as in an earlier case. *United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993). The Court elaborated further upon the purpose of the bill of particulars by stating:

> A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. *United States v. Birmley,* 529 F.2d 103, 108 (6th Cir. 1976); *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the

government before trial. *United States v. Kilrain,* 566 F.2d 979, 985 (5th Cir. 1978), *reh'g denied*, 99 S. Ct. 599 (1978), *cert. denied,* 99 S. Ct. 80 (1978); *United States v. Lawson*, 688 F.Supp. 314, 315 (S.D. Ohio 1987); *United States v. Jones*, 678 F.Supp. 1302, 1304 (S.D. Ohio 1988). Further, a defendant is not entitled to discover all the overt acts that might be proven at trial. *United States v. Kilrain,* 566 F.2d at 985.

The government is not required to disclose all of its evidence, all the overt acts that might be proven at trial or its theory of the case. *U.S. v. Kilrain,* 566 F.2d at 985. Utilizing the very specific information contained in the indictment, including the 14 overt acts which the defendant allegedly committed during the course and in furtherance of the conspiracy, and the voluminous discovery provided by the government, defendant can adequately prepare for trial without being subject to undue surprise and can defend against a second prosecution for the same offenses on double jeopardy grounds.

Defendant also requests that the bill of particulars set forth the identities of all coconspirators. The government represents that defendant has been provided, for inspection, most of the *Jencks* material which discloses the identities of many of the unindicted co-conspirators and a list of the unindicted co-conspirators in *U. S. v. John A. Martinez* which charged other members of the same conspiracy.

In *U.S. v. Phibbs*, the Circuit addressed the denial of a bill of particulars:

> The grant or denial of a motion for a bill of particulars lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991). Proof of abuse of discretion "requires a showing of actual surprise at trial and prejudice to the defendant's substantial rights by the denial." *Id*. (*quoting United States v. Paiva*, 892 F.2d 148; 154 (1st Cir. 1989)).

999 F.2d at 1086.

Accordingly, the motion for a bill of particulars is denied (Docket No. 26).

**Motion for Intent to use 404(b) Evidence (Docket No. 28)**

In its response, the government represents that it has no intention of offering any evidence subject to Rule 404(b). In the event the government identifies such evidence, advance notice will be

3

given to defendant. This motion is denied as moot.

**Motion for Disclosure of Government Witnesses (Docket No. 27)**

Defendant seeks a list of the government's trial witnesses. Production of its witness list prior to trial is not required. *See, United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993), *cert. denied*. 114 S.Ct. 279 (1993); *U.S. v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984). Consequently, this motion is also denied.

Accordingly, defendant's motions (Docket Nos. 26, 27 and 28) are denied. The government's request for reciprocal discovery and the request for a pretrial conference are granted. Such telephonic pretrial conference shall be held by **Sr. District Judge David A. Katz on Thursday, December 7, 2006, at 3:30 p.m.**

/s/ Vernelis K. Armstrong
U. S. Magistrate Judge