IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,      Case No. 3:06 CR 367

 -vs-

                  MEMORANDUM OPINION
ALEJANDRO HERRERA-CORIA,     AND   ORDER

        Defendant.

KATZ, J.

   This matter is before the Court as a result of a motion in limine filed on behalf of Defendant (Doc. No. 45) on April 2, 2007 and the Government's opposition (Doc. No. 47) filed April 9, 2007. The Defendant's motion is multifaceted in that it seeks to bar the prosecution's introduction of evidence "of an alleged involvement by the defendant in an illicit drug transaction in Pennsylvania and New Jersey for which the defendant has not been indicted or charged criminally," and to bar testimony of multiple witnesses with respect to the foregoing. The Government opposes both aspects of the motion. For the reasons hereinafter stated and as more fully articulated in the Government's response, Defendant's motion in limine will be denied.

   Pursuant to an indictment filed August 2, 2006, this Defendant was charged under 21 U.S.C. §§ 841(a)(1) and 846, which includes conspiracy to possess with intent to distribute cocaine and marijuana. These charges grow out of and are the result of an investigation into and the trial of members of the so-called Martinez conspiracy, this Court's Case No. 3:05 CR 781. Defendants in that case involve Jose C. Martinez, Jr. aka Joe and Jose Mendez-Vargas. The Government alleges that this Defendant was a supplier of drugs to the Martinez conspiracy in

Ohio and also was involved in the Pennsylvania conspiracy to distribute narcotics. The Government filed a notice, pursuant to Fed. R. Crim. P. 404(b), of its intent to use other evidence at the trial of this case. However, the Government contends that the nature of the evidence of this Defendant's involvement in the Pennsylvania drug conspiracy matter is not 404(b) evidence because it is so intrinsically involved in the crime charged in case *sub judice* that it is not "other act" evidence under 4040(b).

The Defendant also has moved the Court in limine to exclude the admission of audio tapes of conversations between Joe Martinez and Mendez-Vargas on the basis that the same are hearsay and not subject to any exception and violate the Defendant's Sixth Amendment right of confrontation of witnesses.

With respect to the first matter, the Sixth Circuit has distinguished between "intrinsic" and "extrinsic" evidence. *See United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995):

> In United States v. Torres, 685 F.2d 921, 924 (5th Cir. 1982),(per curiam), the Court of Appeals explained that Rule 404(b) does not apply where the challenged evidence is "inextricably intertwined" with evidence of the crime charged in the indictment.
>
> When other crimes or wrongs occurred at different times and under different circumstances from the offense charged, the deeds are termed "extrinsic." "Intrinsic" acts, on the other hand, are those that are part of a single criminal episode. Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity. When that circumstance applies, the government has no duty to disclose the other crimes or wrongs evidence.

United States v. Barnes, 49 F.3d 1144, 1149 (6th Cir. 1995).

It is the Government's contention that the evidence will demonstrate that at the same time Herrera-Coria was supplying the Martinez conspiracy with large quantities of marijuana and cocaine, he was also supplying individuals in Redding, Pennsylvania with large quantities of the

2

same type of drugs. In that connection there was a Title III interception of a cellular telephone assigned to this Defendant and a cellular telephone the number of which was assigned to Joe Martinez. Other evidence as set forth in the Government's response at pages 3 and 4 clearly demonstrates that such evidence involving matters taking place in or emanating from Pennsylvania is part of the *res gestae* of the conspiracy which is the subject of this case. The Court agrees that evidence that Herrera-Coria was supplying individuals in Pennsylvania with the same kind of drugs alleged to have been supplied to the Martinez conspiracy has substantial probative value which is not outweighed by any prejudicial impact. As a matter of course, should the evidence demonstrate the necessity for the Court to issue a special instruction to the jury regarding the purpose of the testimony outlined above and in the Government's memorandum and the use to which the jury may consider that testimony, the Court upon appropriate motion will seriously consider giving such an instruction at trial. The jury must be instructed that the Defendant is on trial only for the crimes alleged in the indictment in this case.

The Defendant has also moved the Court in limine to exclude admission of audio tapes of conversations between Martinez and Mendez-Vargas on the basis of both hearsay and the confrontation clause of the United States Constitution. During this Court's trial of the Martinez case, statements made in the course and in furtherance of the conspiracy were admitted under Fed. R. Evid. 801(d)(2)(E) once the Court preliminarily determined that a conspiracy existed as demonstrated by the evidence. That ruling is in accordance with the guidelines set forth in both *Crawford v. Washington*, 541 U. S. 36 (2004) and *Bourjaily v. United States*, 483 U. S. 171 (1987). Likewise, should this Court make a preliminary determination pursuant to *Bourjaily* that the Government has preliminarily demonstrated the existence of a conspiracy and that this

Defendant was a part of that conspiracy, the admission of recorded statements as noted above would neither violate the Defendant's Sixth Amendment right or confrontation or the hearsay rule.

For the reasons set forth above, and those more expansively outlined in the Government's response the Defendant's motion in limine (Doc. No. 45) is denied without prejudice.

IT IS SO ORDERED.

                                                     s/ *David A. Katz*
                                                     DAVID A. KATZ
                                                     U. S. DISTRICT JUDGE